1

2

3

4

5

6

7

8                              UNITED STATES DISTRICT COURT

9                              CENTRAL DISTRICT OF CALIFORNIA

10

11

EVER WIN INTERNATIONAL                    Case No. 2:15cv-06433-DMG (GJSx)
12   CORPORATION, a California corporation,

13                 Plaintiff,              PROTECTIVE ORDER BASED
                                           ON STIPULATION OF THE
                                           PARTIES
14          v.
                                           Note changes made by the Court
15   PRONG, INC. (Formerly, PRONG, LLC), a   in *italics*
     Delaware corporation, YISHAI Z. PLINER
16   (aka JESSE PLINER), a New York citizen,
     LLOYD GLADSONE, a New York citizen,   HON. GAIL J. STANDISH
17   and DOES 1 thru 10, inclusive,

18                 Defendant.

19

20

21

22   1.      A. PURPOSES AND LIMITATIONS

23          Discovery in this action is likely to involve production of confidential,

24   proprietary or private information for which special protection from public

25   disclosure and from use for any purpose other than prosecuting this litigation may

26   be warranted.  Accordingly, the parties hereby stipulate to and petition the Court to

27   enter the following Stipulated Protective Order.  The parties acknowledge that this

28   Order does not confer blanket protections on all disclosures or responses to

                                            1

1   discovery and that the protection it affords from public disclosure and use extends

2   only to the limited information or items that are entitled to confidential treatment

3   under the applicable legal principles.

4

5        B. GOOD CAUSE STATEMENT

6        This action is between merchants for the purchase and sale of electrical

7   products and components therefor.  Each party possesses confidential information

8   relating to its suppliers, costs, margins, profits, and third party customers and third

9   party customers for the distribution and sale of such products.  Additionally, each

10  party possesses confidential information relating to the marketing and sale to

11  customers and to retail end users.

12        This action is likely to involve trade secrets, customer and pricing lists and

13  other valuable research, development, commercial, financial, technical and/or

14  proprietary information for which special protection from public disclosure and

15  from use for any purpose other than prosecution of this action is warranted.  Such

16  confidential and proprietary materials and information consist of, among other

17  things, confidential business or financial information, information regarding

18  confidential business practices, or other confidential research, development, or

19  commercial information (including information implicating privacy rights of third

20  parties), information otherwise generally unavailable to the public, or which may be

21  privileged or otherwise protected from disclosure under state or federal statutes,

22  court rules, case decisions, or common law.  Accordingly, to expedite the flow of

23  information, to facilitate the prompt resolution of disputes over confidentiality of

24  discovery materials, to adequately protect information the parties are entitled to keep

25  confidential, to ensure that the parties are permitted reasonable necessary uses of

26  such material in preparation for and in the conduct of trial, to address their handling

27  at the end of the litigation, and serve the ends of justice, a protective order for such

28

2

**STIPULATED CONFIDENTIALITY AGREEMENT AND PROPOSED PROTECTIVE ORDER**

1    information is justified in this matter.  It is the intent of the parties that information

2    will not be designated as confidential for tactical reasons and that nothing be so

3    designated without a good faith belief that it has been maintained in a confidential,

4    non-public manner, and there is good cause why it should not be part of the public

5    record of this case.

6

7              C. ACKNOWLEDGMENT OF PROCEDURE FOR FILING UNDER SEAL

8         The parties further acknowledge, as set forth in Section 12.3, below, that this

9    Stipulated Protective Order does not entitle them to file confidential information

10   under seal; Local Civil Rule 79-5 sets forth the procedures that must be followed

11   and the standards that will be applied when a party seeks permission from the court

12   to file material under seal.

13        There is a strong presumption that the public has a right of access to judicial

14   proceedings and records in civil cases.  In connection with non-dispositive motions,

15   good cause must be shown to support a filing under seal.  *See Kamakana v. City and*

16   *County of Honolulu*, 447 F.3d 1172, 1176 (9th Cir. 2006), *Phillips v. Gen. Motors*

17   *Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002), *Makar-Welbon v. Sony Electrics,*

18   *Inc.*, 187 F.R.D. 576, 577 (E.D. Wis. 1999) (even stipulated protective orders

19   require good cause showing), and a specific showing of good cause or compelling

20   reasons with proper evidentiary support and legal justification, must be made with

21   respect to Protected Material that a party seeks to file under seal.  The parties' mere

22   designation of Disclosure or Discovery Material as CONFIDENTIAL does not—

23   without the submission of competent evidence by declaration, establishing that the

24   material sought to be filed under seal qualifies as confidential, privileged, or

25   otherwise protectable—constitute good cause.

26        Further, if a party requests sealing related to a dispositive motion or trial, then

27   compelling reasons, not only good cause, for the sealing must be shown, and the

28

3

**STIPULATED CONFIDENTIALITY AGREEMENT AND PROPOSED PROTECTIVE ORDER**

relief sought shall be narrowly tailored to serve the specific interest to be protected. *See Pintos v. Pacific Creditors Ass'n*, 605 F.3d 665, 677-79 (9th Cir. 2010).  For each item or type of information, document, or thing sought to be filed or introduced under seal in connection with a dispositive motion or trial, the party seeking protection must articulate compelling reasons, supported by specific facts and legal justification, for the requested sealing order.  Again, competent evidence supporting the application to file documents under seal must be provided by declaration.

Any document that is not confidential, privileged, or otherwise protectable in its entirety will not be filed under seal if the confidential portions can be redacted. If documents can be redacted, then a redacted version for public viewing, omitting only the confidential, privileged, or otherwise protectable portions of the document, shall be filed.  Any application that seeks to file documents under seal in their entirety should include an explanation of why redaction is not feasible.  *The parties are directed to take note of the changes to the Local Rules related to under seal filings in this District.*

2.    DEFINITIONS

2.1    Action: Case No. 2:15cv-06433-DMG-GJS

2.2    Challenging Party:  a Party or Non-Party that challenges the designation of information or items under this Order.

2.3    "CONFIDENTIAL" Information or Items:  information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement.

2.4    Counsel:  Outside Counsel of Record and House Counsel (as well as their support staff).

2.5    Designating Party: a Party or Non-Party that designates information or

4

**STIPULATED CONFIDENTIALITY AGREEMENT AND PROPOSED PROTECTIVE ORDER**

1  items that it produces in disclosures or in responses to discovery as

2  "CONFIDENTIAL."

3       2.6    Disclosure or Discovery Material:  all items or information, regardless

4  of the medium or manner in which it is generated, stored, or maintained (including,

5  among other things, testimony, transcripts, and tangible things), that are produced or

6  generated in disclosures or responses to discovery in this matter.

7       2.7    Expert:  a person with specialized knowledge or experience in a matter

8  pertinent to the litigation who has been retained by a Party or its counsel to serve as

9  an expert witness or as a consultant in this Action.

10      2.8    House Counsel:  attorneys who are employees of a party to this Action.

11 House Counsel does not include Outside Counsel of Record or any other outside

12 counsel.

13      2.9    Non-Party:  any natural person, partnership, corporation, association or

14 other legal entity not named as a Party to this action.

15      2.10   Outside Counsel of Record:  attorneys who are not employees of a

16 party to this Action but are retained to represent or advise a party to this Action and

17 have appeared in this Action on behalf of that party or are affiliated with a law firm

18 that has appeared on behalf of that party, and includes support staff.

19      2.11   Party:  any party to this Action, including all of its officers, directors,

20 employees, consultants, retained experts, and Outside Counsel of Record (and their

21 support staffs).

22      2.12   Producing Party:  a Party or Non-Party that produces Disclosure or

23 Discovery Material in this Action.

24      2.13   Professional Vendors:  persons or entities that provide litigation

25 support services (e.g., photocopying, videotaping, translating, preparing exhibits or

26 demonstrations, and organizing, storing, or retrieving data in any form or medium)

27 and their employees and subcontractors.

28

5

**STIPULATED CONFIDENTIALITY AGREEMENT AND PROPOSED PROTECTIVE ORDER**

2.14   Protected Material:  any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

2.15   Receiving Party:  a Party that receives Disclosure or Discovery Material from a Producing Party.

3.   SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

Any use of Protected Material at trial shall be governed by the orders of the trial judge.  This Order does not govern the use of Protected Material at trial.

4.   DURATION

Once a case proceeds to trial, information that was designated as CONFIDENTIAL or maintained pursuant to this protective order used or introduced as an exhibit at trial becomes public and will be presumptively available to all members of the public, including the press, unless compelling reasons supported by specific factual findings to proceed otherwise are made to the trial judge in advance of the trial. *See Kamakana*, 447 F.3d at 1180-81 (distinguishing "good cause" showing for sealing documents produced in discovery from "compelling reasons" standard when merits-related documents are part of court record).  Accordingly, the terms of this protective order do not extend beyond the commencement of the trial.

5.   DESIGNATING PROTECTED MATERIAL

5.1   Exercise of Restraint and Care in Designating Material for Protection.

**STIPULATED CONFIDENTIALITY AGREEMENT AND PROPOSED PROTECTIVE ORDER**

1   Each Party or Non-Party that designates information or items for protection under

2   this Order must take care to limit any such designation to specific material that

3   qualifies under the appropriate standards.  The Designating Party must designate for

4   protection only those parts of material, documents, items or oral or written

5   communications that qualify so that other portions of the material, documents, items

6   or communications for which protection is not warranted are not swept unjustifiably

7   within the ambit of this Order.

8         Mass, indiscriminate or routinized designations are prohibited.  Designations

9   that are shown to be clearly unjustified or that have been made for an improper

10   purpose (e.g., to unnecessarily encumber the case development process or to impose

11   unnecessary expenses and burdens on other parties) may expose the Designating

12   Party to sanctions.

13         If it comes to a Designating Party's attention that information or items that it

14   designated for protection do not qualify for protection, that Designating Party must

15   promptly notify all other Parties that it is withdrawing the inapplicable designation.

16         5.2   <u>Manner and Timing of Designations</u>.  Except as otherwise provided in

17   this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise

18   stipulated or ordered, Disclosure or Discovery Material that qualifies for protection

19   under this Order must be clearly so designated before the material is disclosed or

20   produced.

21         Designation in conformity with this Order requires:

22         (a)  for information in documentary form (e.g., paper or electronic

23   documents, but excluding transcripts of depositions or other pretrial or trial

24   proceedings), that the Producing Party affix at a minimum, the legend

25   "CONFIDENTIAL" (hereinafter "CONFIDENTIAL legend"), to each page that

26   contains protected material.  If only a portion of the material on a page qualifies for

27   protection, the Producing Party also must clearly identify the protected portion(s)

28

7

**STIPULATED CONFIDENTIALITY AGREEMENT AND PROPOSED PROTECTIVE ORDER**

1    (e.g., by making appropriate markings in the margins).

2    　　　　A Party or Non-Party that makes original documents available for inspection

3    need not designate them for protection until after the inspecting Party has indicated

4    which documents it would like copied and produced.  During the inspection and

5    before the designation, all of the material made available for inspection shall be

6    deemed "CONFIDENTIAL."  After the inspecting Party has identified the

7    documents it wants copied and produced, the Producing Party must determine which

8    documents, or portions thereof, qualify for protection under this Order.  Then,

9    before producing the specified documents, the Producing Party must affix the

10   "CONFIDENTIAL legend" to each page that contains Protected Material.  If only a

11   portion of the material on a page qualifies for protection, the Producing Party also

12   must clearly identify the protected portion(s) (e.g., by making appropriate markings

13   in the margins).

14   　　　　(b)  for testimony given in depositions that the Designating Party identifies

15   the Disclosure or Discovery Material on the record, before the close of the

16   deposition all protected testimony.

17   　　　　(c)  for information produced in some form other than documentary and

18   for any other tangible items, that the Producing Party affix in a prominent place on

19   the exterior of the container or containers in which the information is stored the

20   legend "CONFIDENTIAL."  If only a portion or portions of the information

21   warrants protection, the Producing Party, to the extent practicable, shall identify the

22   protected portion(s).

23   　　　　5.3    Inadvertent Failures to Designate.  If timely corrected, an inadvertent

24   failure to designate qualified information or items does not, standing alone, waive

25   the Designating Party's right to secure protection under this Order for such material.

26   Upon timely correction of a designation, the Receiving Party must make reasonable

27   efforts to assure that the material is treated in accordance with the provisions of this

28

**STIPULATED CONFIDENTIALITY AGREEMENT AND PROPOSED PROTECTIVE ORDER**

1 Order.

2

3 6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

4       6.1    Timing of Challenges.  Any Party or Non-Party may challenge a

5 designation of confidentiality at any time that is consistent with the Court's

6 Scheduling Order.

7       6.2    Meet and Confer.  The Challenging Party shall initiate the dispute

8 resolution process under Local Rule 37.1 et seq.

9       6.3    The burden of persuasion in any such challenge proceeding shall be on

10 the Designating Party.  Frivolous challenges, and those made for an improper

11 purpose (e.g., to harass or impose unnecessary expenses and burdens on other

12 parties) may expose the Challenging Party to sanctions.  Unless the Designating

13 Party has waived or withdrawn the confidentiality designation, all parties shall

14 continue to afford the material in question the level of protection to which it is

15 entitled under the Producing Party's designation until the Court rules on the

16 challenge.

17

18 7.    ACCESS TO AND USE OF PROTECTED MATERIAL

19       7.1    Basic Principles.  A Receiving Party may use Protected Material that is

20 disclosed or produced by another Party or by a Non-Party in connection with this

21 Action only for prosecuting, defending or attempting to settle this Action.  Such

22 Protected Material may be disclosed only to the categories of persons and under the

23 conditions described in this Order.  When the Action has been terminated, a

24 Receiving Party must comply with the provisions of section 13 below (FINAL

25 DISPOSITION).

26       Protected Material must be stored and maintained by a Receiving Party at a

27 location and in a secure manner that ensures that access is limited to the persons

28

**STIPULATED CONFIDENTIALITY AGREEMENT AND PROPOSED PROTECTIVE ORDER**

1 | authorized under this Order.

2 |      7.2   Disclosure of "CONFIDENTIAL" Information or Items.  Unless

3 | otherwise ordered by the court or permitted in writing by the Designating Party, a

4 | Receiving Party may disclose any information or item designated

5 | "CONFIDENTIAL" only to:

6 |      (a)  the Receiving Party's Outside Counsel of Record in this Action, as

7 | well as employees of said Outside Counsel of Record to whom it is reasonably

8 | necessary to disclose the information for this Action;

9 |      (b)  the officers, directors, and employees (including House Counsel) of

10 | the Receiving Party to whom disclosure is reasonably necessary for this Action;

11 |      (c)  Experts (as defined in this Order) of the Receiving Party to whom

12 | disclosure is reasonably necessary for this Action and who have signed the

13 | "Acknowledgment and Agreement to Be Bound" (Exhibit A);

14 |      (d)  the court and its personnel;

15 |      (e)  court reporters and their staff;

16 |      (f)  professional jury or trial consultants, mock jurors, and Professional

17 | Vendors to whom disclosure is reasonably necessary for this Action and who have

18 | signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

19 |      (g)  the author or recipient of a document containing the information or a

20 | custodian or other person who otherwise possessed or knew the information;

21 |      (h)  during their depositions, witnesses, and attorneys for witnesses, in the

22 | Action to whom disclosure is reasonably necessary provided: (1) the deposing party

23 | requests that the witness sign the form attached as Exhibit 1 hereto; and (2) they will

24 | not be permitted to keep any confidential information unless they sign the

25 | "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise

26 | agreed by the Designating Party or ordered by the court.  Pages of transcribed

27 | deposition testimony or exhibits to depositions that reveal Protected Material may

28 |

**STIPULATED CONFIDENTIALITY AGREEMENT AND PROPOSED PROTECTIVE ORDER**

1  be separately bound by the court reporter and may not be disclosed to anyone except

2  as permitted under this Stipulated Protective Order; and

3     (i)  any mediator or settlement officer, and their supporting personnel,

4  mutually agreed upon by any of the parties engaged in settlement discussions.

5

6     7.3 Disclosure of "CONFIDENTIAL- COUNSEL ONLY" Information or

7  Items.  Unless otherwise ordered by the court or permitted in writing by the

8  Designating Party, a Receiving Party may disclose any information or item

9  designated "CONFIDENTIAL-COUNSEL ONLY" only to:

10     (a)  the Receiving Party's Outside Counsel of Record in this Action, as

11  well as employees of said Outside Counsel of Record to whom it is reasonably

12  necessary to disclose the information for this Action;

13

14  8. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED

15     IN OTHER LITIGATION

16     If a Party is served with a subpoena or a court order issued in other litigation

17  that compels disclosure of any information or items designated in this Action as

18  "CONFIDENTIAL," that Party must:

19     (a)  promptly notify in writing the Designating Party.  Such notification

20  shall include a copy of the subpoena or court order;

21     (b)  promptly notify in writing the party who caused the subpoena or order

22  to issue in the other litigation that some or all of the material covered by the

23  subpoena or order is subject to this Protective Order.  Such notification shall include

24  a copy of this Stipulated Protective Order; and

25     (c)  cooperate with respect to all reasonable procedures sought to be

26  pursued by the Designating Party whose Protected Material may be affected.

27     If the Designating Party timely seeks a protective order, the Party served with

28

11

**STIPULATED CONFIDENTIALITY AGREEMENT AND PROPOSED PROTECTIVE ORDER**

1   the subpoena or court order shall not produce any information designated in this

2   action as "CONFIDENTIAL" before a determination by the court from which the

3   subpoena or order issued, unless the Party has obtained the Designating Party's

4   permission.  The Designating Party shall bear the burden and expense of seeking

5   protection in that court of its confidential material and nothing in these provisions

6   should be construed as authorizing or encouraging a Receiving Party in this Action

7   to disobey a lawful directive from another court.

8

9   9.      A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE

10          PRODUCED IN THIS LITIGATION

11          (a)  The terms of this Order are applicable to information produced by a

12   Non-Party in this Action and designated as "CONFIDENTIAL." Such information

13   produced by Non-Parties in connection with this litigation is protected by the

14   remedies and relief provided by this Order.  Nothing in these provisions should be

15   construed as prohibiting a Non-Party from seeking additional protections.

16          (b)  In the event that a Party is required, by a valid discovery request, to

17   produce a Non-Party's confidential information in its possession, and the Party is

18   subject to an agreement with the Non-Party not to produce the Non-Party's

19   confidential information, then the Party shall:

20          (1)  promptly notify in writing the Requesting Party and the Non-Party

21   that some or all of the information requested is subject to a confidentiality

22   agreement with a Non-Party;

23          (2)  promptly provide the Non-Party with a copy of the Stipulated

24   Protective Order in this Action, the relevant discovery request(s), and a reasonably

25   specific description of the information requested; and

26          (3)  make the information requested available for inspection by the

27   Non-Party, if requested.

28

**STIPULATED CONFIDENTIALITY AGREEMENT AND PROPOSED PROTECTIVE ORDER**

1          (c)  If the Non-Party fails to seek a protective order from this court within

2    14 days of receiving the notice and accompanying information, the Receiving Party

3    may produce the Non-Party's confidential information responsive to the discovery

4    request.  If the Non-Party timely seeks a protective order, the Receiving Party shall

5    not produce any information in its possession or control that is subject to the

6    confidentiality agreement with the Non-Party before a determination by the court.

7    Absent a court order to the contrary, the Non-Party shall bear the burden and

8    expense of seeking protection in this court of its Protected Material.

9

10   10.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

11         If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed

12   Protected Material to any person or in any circumstance not authorized under this

13   Stipulated Protective Order, the Receiving Party must immediately (a) notify in

14   writing the Designating Party of the unauthorized disclosures, (b) use its best efforts

15   to retrieve all unauthorized copies of the Protected Material, (c) inform the person or

16   persons to whom unauthorized disclosures were made of all the terms of this Order,

17   and (d) request such person or persons to execute the "Acknowledgment and

18   Agreement to Be Bound" that is attached hereto as Exhibit A.

19

20   11.    INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE

21           PROTECTED MATERIAL

22         When a Producing Party gives notice to Receiving Parties that certain

23   inadvertently produced material is subject to a claim of privilege or other protection,

24   the obligations of the Receiving Parties are those set forth in Federal Rule of Civil

25   Procedure 26(b)(5)(B).  This provision is not intended to modify whatever

26   procedure may be established in an e-discovery order that provides for production

27   without prior privilege review.  Pursuant to Federal Rule of Evidence 502(d) and

28

13

**STIPULATED CONFIDENTIALITY AGREEMENT AND PROPOSED PROTECTIVE ORDER**

1  (e), insofar as the parties reach an agreement on the effect of disclosure of a

2  communication or information covered by the attorney-client privilege or work

3  product protection, the parties may incorporate their agreement in the stipulated

4  protective order submitted to the court.

5

6  12.   MISCELLANEOUS

7       12.1   Right to Further Relief.  Nothing in this Order abridges the right of any

8  person to seek its modification by the Court in the future.

9       12.2   Right to Assert Other Objections.  By stipulating to the entry of this

10  Protective Order, no Party waives any right it otherwise would have to object to

11  disclosing or producing any information or item on any ground not addressed in this

12  Stipulated Protective Order.  Similarly, no Party waives any right to object on any

13  ground to use in evidence of any of the material covered by this Protective Order.

14       12.3   Filing Protected Material.  A Party that seeks to file under seal any

15  Protected Material must comply with Local Civil Rule 79-5.  Protected Material

16  may only be filed under seal pursuant to a court order authorizing the sealing of the

17  specific Protected Material at issue.  If a Party's request to file Protected Material

18  under seal is denied by the court, then the Receiving Party may file the information

19  in the public record unless otherwise instructed by the court.

20

21  13.   FINAL DISPOSITION

22       After the final disposition of this Action, as defined in paragraph 4, within 60

23  days of a written request by the Designating Party, each Receiving Party must return

24  all Protected Material to the Producing Party or destroy such material.  As used in

25  this subdivision, "all Protected Material" includes all copies, abstracts, compilations,

26  summaries, and any other format reproducing or capturing any of the Protected

27  Material.  Whether the Protected Material is returned or destroyed, the Receiving

28

1   Party must submit a written certification to the Producing Party (and, if not the same

2   person or entity, to the Designating Party) by the 60 day deadline that (1) identifies

3   (by category, where appropriate) all the Protected Material that was returned or

4   destroyed and (2) affirms that the Receiving Party has not retained any copies,

5   abstracts, compilations, summaries or any other format reproducing or capturing any

6   of the Protected Material. Notwithstanding this provision, Counsel are entitled to

7   retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing

8   transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert

9   reports, attorney work product, and consultant and expert work product, even if such

10  materials contain Protected Material.  Any such archival copies that contain or

11  constitute Protected Material remain subject to this Protective Order as set forth in

12  Section 4 (DURATION).

13

14  14.    VIOLATION

15  Any violation of this Order may be punished by appropriate measures including,

16  without limitation, contempt proceedings and/or monetary sanctions.

17

18  IT IS SO ORDERED.

19

20  DATED:  December 3, 2015                  _____

                                             Gail J. Standish
21                                           United States Magistrate Judge

22

23

24

25

26

27

28

**STIPULATED CONFIDENTIALITY AGREEMENT AND PROPOSED PROTECTIVE ORDER**

EXHIBIT A

ASSURANCE OF COMPLIANCE

I, _____, under penalty of perjury under the laws of the United States of America, declare and state as follows:

I reside in the City/County of                    , and State of                    .

I have read the annexed Protective Order ("Order") dated , November   , 2015, in the action entitled *Ever Win International Corp. v. Prong Inc.*, Case No. 2:15cv-06433-DMG-GJS which is currently active in the United States District Court of California, Central District.

I am familiar with and agree to comply with and be bound by the Provision of that Order, and I will not divulge to persons other than those specifically authorized by the Order, and will copy or use except solely for the purpose of this litigation, any Discovery Material designated as "Highly Confidential - Attorneys' Eyes Only."

I consent to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing said Order, enjoining any anticipated violation of the Order or seeking damages for the breach of said Order.

16

**STIPULATED CONFIDENTIALITY AGREEMENT AND PROPOSED PROTECTIVE ORDER**